TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Landlord, Respondent, *v.* MARCH SCHLICK, Tenant, and JOSEPH KUHN, Undertenant, Appellant.

Supreme Court, Appellate Term, First Department, March 6, 1947.

*Lawrence D. Brody* for appellant.

*Edward D. Burns* for respondent.

HECHT, J.   The lease between the landlord and its tenant Schlick expired on September 30, 1946.   In April, 1946, the tenant wrote to the landlord's agent that it was necessary for him to go to Arizona for the summer during which period he wished to sublet the apartment to a friend of his as he could not afford the expense of maintaining a vacant apartment in the city while he was away.   He requested the landlord's consent to enter into this arrangement.   The agent replied that it was agreeable to a sublet for the summer months of 1946, and added that they had definite instructions from the landlord not to renew leases with any person not actually occupying his apartment after the expiration date of the existing lease.   The undertenant moved in some time in May and paid rent directly to the landlord for the months of August and September.   The tenant never returned to the apartment and after the expiration of the lease the landlord instituted these proceedings to remove the tenant and the undertenant as a holdover.   The tenant defaulted in appearance and the trial proceeded against the undertenant resulting in a final order in favor of the landlord.

The undertenant offered no testimony except that it put in evidence two checks showing the payments above referred to. He claims an assignment of the lease to him by the tenant, resulting in protection of the Office of Price Administration Rent Regulation.

Landlord relies on paragraph (4) of subdivision (a) of section 6 of the Rent Regulation for Housing in the New York

City Defense-Rental Area (8 Federal Register 13918), which excepts from protection a tenant whose lease has expired and whose apartment is occupied by a subtenant at the time. In answer to this, the subtenant refers to paragraph (1) of subdivision (c) of section 6 (11 Federal Register 12093), which makes the regulation applicable if the "rental agreement between the landlord and tenant contemplated the subleasing of the entire accommodations or substantially all of the individual units therein, by the tenant * * *."

The agreement between the tenant and his undertenant is not in evidence and it is therefore impossible to tell whether it was an assignment or a sublease. From the correspondence in evidence the language "sublease" is used and the consent given by the landlord is limited to a sublease for the summer months. This would rebut any presumption of an assignment from the fact of possession and attornment to the landlord (*Gillette Bros.* v. *Aristocrat Restaurant*, 239 N. Y. 87, 89).

Taking the agreement between the tenant and the subtenant as a sublease, paragraph (4) of subdivision (a) of section 6 applies. The amendment to paragraph (1) of subdivision (c) of section 6, quoted above, is not applicable. That speaks of a sublease contemplated by the main lease. In the absence of any provision in a lease, a tenant has the unqualified right to sublet the premises. The parties have limited this right by requiring the consent of the landlord to a sublet. Consent given pursuant to such a provision is not a "contemplation" of a sublet by the main lessor.

The final order should be affirmed, with $25 costs.

SHIENTAG, J. (dissenting). I dissent. Under the law of New York a subletting for the full term amounts to an assignment. The subtenant, therefore, became an assignee with the consent of the landlord, who accepted rent for the "summer months", which phrase by construction of the parties included the month of September.

The conditions under which a landlord may evict an occupant who is a subtenant and who remains after the expiration of the tenant's lease are limited by a provision of the Rent Regulation for Housing which went into effect October 16, 1946. Under that provision (Regulation, § 6, subd. [c], par. [1]) the subtenant may be evicted "unless the rental agreement between the landlord and tenant *contemplated* the subleasing of the entire accommodations or substantially all of the individual units therein, by the tenant, or unless *under the local law there is a*

*tenancy relationship* between the landlord and subtenant or other such occupant." (Italics mine.) (11 Federal Register 12093-12094.)

The facts show that the subtenant is protected under the local law which treats the subletting under these circumstances as an assignment. Moreover, the term "contemplated" as used in the regulation was designed to cover precisely the kind of case now pending. If a lease does not permit subletting except on consent of the landlord and such consent is given, it should be held that the rental agreement contemplates subletting under appropriate conditions.

HAMMER, J., concurs with HECHT, J.; SHIENTAG, J., dissents in opinion.

Order affirmed.